# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

| | |
|---|---|
| **JERRY TONEY WOMACK** | **PLAINTIFF** |
| **VERSUS** | **CIVIL ACTION NO. 5:21cv41-DCB-FKB** |
| **SHERIFF JAMES BRUMFIELD, RICHARD BYNUM, and PIKE COUNTY JAIL** | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court, *sua sponte*, for consideration of dismissal. *Pro se* Plaintiff Jerry Toney Womack is a pretrial detainee at the Pike County Jail. He brings this 42 U.S.C. § 1983 action challenging the conditions of his confinement. The Court has considered and liberally construed the pleadings. As set forth below, the Court holds that Defendant Pike County Jail should be dismissed.

## BACKGROUND

On April 22, 2021, Plaintiff filed the instant action. He is currently a pretrial detainee at the Pike County Jail. Defendant Sheriff James Brumfield is the Pike County Sheriff, and Defendant Captain Richard Bynum is also employed at the jail.

Plaintiff challenges his living conditions at the jail and complains of a denial of medical treatment. First, he claims there is black mold "everywhere" at the jail and it is "so thick" that it has made him sick several times. (Resp. at 1); (Compl. at 4). On one such occasion, he allegedly had trouble breathing. Second, he contends that the jail is overcrowded. Purportedly, there are between 60-75 detainees housed in a space meant for 48. Plaintiff claims the overcrowding has caused him to have to sleep on the floor. As a result, he alleges that he

suffers "back problems" and body aches. (Resp. at 1). Third, he asserts that the jail is infested with bugs and that he has been bitten by spiders, ants, and unidentified insects. Plaintiff claims to have asked both Sheriff Brumfield and Captain Bynum for medical treatment and says they promised to let him see a doctor. However, Plaintiff contends that they still have not taken him for medical treatment.

Plaintiff brings this action under 42 U.S.C. § 1983. Besides the Sheriff and Captain Bynum, Plaintiff also asserts this case against Pike County Jail.

DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. The statute reads, in pertinent part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Plaintiff to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

2

Among others, Plaintiff sues the Jail. Mississippi law determines whether he can sue the jail. Fed. R. Civ. P. 17(b)(3). Under Mississippi law, the jail is not a separate legal entity which may be sued, rather it is an extension of the county. *Tuesno v. Jackson*, No. 5:08cv302-DCB-JMR, 2009 U.S. Dist. LEXIS 61416 at *2-3 (S.D. Miss. Apr. 30, 2009); *Brown v. Thompson*, 927 So. 2d 733, 737 (&12) (Miss. 2006). Therefore, the jail is dismissed.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, Defendant Pike County Jail is dismissed with prejudice as frivolous. The remainder of the case shall proceed.

So ordered and adjudged, this the 29th day of June, 2021.

s/David Bramlette
UNITED STATES DISTRICT JUDGE